IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOBY EVANS,

    Petitioner,                   No. CIV S-08-2859 FCD DAD P

   vs.

D. K. SISTO, Warden,

    Respondent.                ORDER TO SHOW CAUSE

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings to deny him parole for one year at his third subsequent parole consideration hearing held on October 2, 2007. This court has independently verified that petitioner was released from prison on parole on October 25, 2010. Under these circumstances, the instant petition, seeking petitioner's release on parole, may have been rendered moot.[1]

        In this regard, the California Supreme Court recently held that under the California Constitution, only the executive branch has the authority to make parole-suitability determinations. In re Prather, 50 Cal. 4th 238, 253 (2010). The court concluded that to avoid

---

[1] See Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (a case loses its quality as a "present, live controversy" and becomes moot when there can be no effective relief).

1

infringing on executive branch authority, a proper order granting habeas relief where the "some evidence" requirement was not properly applied should require the Board to "proceed in accordance with due process of law" and not "direct the Board to reach a particular result or consider only a limited category of evidence in making the parole suitability determination." Id. In turn, the Ninth Circuit Court of Appeals has concluded that in light of the duty of the federal courts to enforce liberty interests as they are defined by state law, a federal habeas court may not grant a remedy in excess of that determined to be adequate to address a due process violation under California law by the high court of that state. Haggard v. Curry, 623 F.3d 1035, 1041-43 (9th Cir. 2010).

Here, in light of petitioner's 2010 release on parole, the question presented is whether there is any remaining remedy that would not be in excess of that determined to be adequate to address the alleged due process violation under California law. See Soza v. Curry, Nos. C 09-2520 MHP (pr), C 10-501 MHP (pr), 2010 WL 4807085, at *2 (N.D. Cal. Nov. 19, 2010) (finding that the decision in Haggard leads to the conclusion that petitioner's release on parole renders moot his federal habeas petitions challenging earlier parole denials on due process grounds); Willis v. Curry, No. C 08-3355 MHP (pr), 2010 WL 4595560, at *2 (N.D. Cal. Nov. 5, 2010) (same).

Accordingly, IT IS ORDERED that, within thirty days from the date of this order, petitioner shall show cause why this action should not be dismissed as moot.

DATED: December 17, 2010.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
evans2859.o

2